# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. Steven C. Mannion |
| v. | : Magistrate No. 19-6155 (SCM) |
| JUNIOR ORTEGA, | : **CRIMINAL COMPLAINT** |
| a/k/a "Adrian Diaz," | |
| a/k/a "Ricardo Nunez," | |
| a/k/a "Junior Orteaga" | |

I, Ian Patel, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

Ian Patel
Deportation Officer
Immigration and Customs Enforcement
U.S. Department of Homeland Security

Sworn to before me and subscribed in my presence,
May 16, 2019 at Newark, New Jersey

HONORABLE STEVEN C. MANNION
UNITED STATES MAGISTRATE JUDGE

Signature of Judicial Officer

## **ATTACHMENT A**

On a date on or after January 10, 2007, and on or before January 24, 2019, in Bergen County, in the District of New Jersey, and elsewhere, the defendant,

>JUNIOR ORTEGA,
>  a/k/a "Adrian Diaz,"
>  a/k/a "Ricardo Nunez,"
>  a/k/a "Junior Orteaga,"

being an alien, and on or about December 10, 2001, having been convicted in the Supreme Court of the State of New York, New York County, of Attempted Criminal Sale of a Controlled Substance, namely Cocaine, in the Third Degree, in violation of 110-220.39 SUB 01 of the New York State Penal Law, an aggravated felony, and thereafter having been deported and removed and having departed from the United States while an order of deportation was outstanding, did knowingly and voluntarily enter, attempt to enter, and was found in the United States without the Attorney General or the Secretary of Homeland Security expressly consenting to the defendant's re-applying for admission to the United States prior to his re-embarkation at a place outside the United States.

In violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(2).

**ATTACHMENT B**

I, Ian Patel, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. The defendant, JUNIOR ORTEGA, a/k/a "Adrian Diaz," a/k/a "Ricardo Nunez," a/k/a "Junior Orteaga" (the "Defendant"), is a citizen of the Dominical Republic, and he neither is a citizen nor a national of the United States.

2. On or about October 19, 2000, the Defendant was arrested by law enforcement officers in New York, for committing various drug related offenses, including but not limited to, Criminal Sale Controlled Substance, Narcotic Drugs, in the Third Degree, in violation of 220.39 SUB 01 of the New York State Penal Law.

3. On or about December 10, 2001, the Defendant pled guilty in the Supreme Court of the State of New York, New York County, to Attempted Criminal Sale of a Controlled Substance, namely Cocaine, in the Third Degree, in violation of 110-220.39 SUB 01 of the New York State Penal Law and was subsequently sentenced to five years' probation, the circumstance of which offense constitute an aggravated felony under 8 U.S.C. 1101(a)(43)(B).

4. Thereafter, on or about December 6, 2006, the Defendant was ordered removed from the United States to the Dominican Republic by an Immigration Judge sitting in York, Pennsylvania.

5. On or about January 10, 2007, the Defendant was removed from the United States to the Dominican Republic.

6. At some point after his January 10, 2007 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

7. On or about July 22, 2011, the Defendant was arrested by law enforcement officers in the Southern District of New York, for Illegal Reentry of an Alien Deported Subsequent to Conviction of an Aggravated Felony, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

8. On or about September 21, 2011, the Defendant pled guilty in the United States District Court for the Southern District of New York, to Alien Deported Subsequent to Conviction of an Aggravated Felony, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2), and was subsequently sentenced to eight months' imprisonment and three years' supervised release.

9. On or about March 22, 2012, the Defendant was removed from the United States to the Dominican Republic.

10. At some point after his March 22, 2012 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

11. On or about October 18, 2016, the Defendant was removed from the United States to the Dominican Republic.

12. At some point after his October 18, 2016 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

13. On or about January 24, 2019, the Defendant was arrested by law enforcement officers in New Jersey, for committing various offenses, including but not limited to, Manufacture/Distribution/Possession with Intent to Distribute – Heroin, in violation of 2C:35-5(b)(1) of the New Jersey Code of Criminal Justice.

14. On or about January 27, 2019, the Defendant entered into the custody of ICE in New Jersey.

15. Fingerprints taken from the Defendant pursuant to his 2000 arrest for Criminal Sale Controlled Substance, Narcotic Drugs, his 2011 arrest for Illegal Reentry of an Alien Deported Subsequent to Conviction of an Aggravated Felony, his 2014 arrest for Revocation of Supervised Releases, and his 2019 drug related arrest were compared to his most recent fingerprints taken on or about January 27, 2019 after he entered ICE's custody. All the fingerprints were found to be identical.

16. Prior to the Defendant's reentry into the United States, neither the Attorney General nor the Secretary of Homeland Security consented to the Defendant re-entering the United States. The Defendant also did not receive a waiver allowing him to re-enter the United States.